**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

TOM HUSSEY

                Plaintiff,

     v.

CHARLES NGO

               Defendant.

**Case No.: 1:18-cv-24059**

## COMPLAINT AND JURY DEMAND

Plaintiff, Tom Hussey ("***Plaintiff***"), through his undersigned attorneys, Duane Morris LLP, for his Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1.     This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

2.     Plaintiff is a photographer that owns and operates Tom Hussey Photographer, LLC, a photography studio located in Dallas, Texas.

3.     Upon information and belief, Defendant, Charles Ngo ("***Defendant***"), is a Florida resident with a principal place of business located at Affcelerator, LLC, 199 E. Flagler Street, Miami, Florida 33131.

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101, *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper.  Defendant is a resident of Florida and maintains a principle place of business in this District.  Additionally, Defendant has committed torts in this State, including without limitation Defendant's copyright infringement, which caused harm in this State and in this District.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.      Plaintiff's Business

7.      Plaintiff is the principal and owner of Tom Hussey Photography, LLC and is an award-winning American photographer specializing in commercial advertising and lifestyle photography.  In the course of a diverse 20-year career in commercial advertising photography, Plaintiff has established a successful advertising studio. Respected industry-wide for his lifestyle photography and admired for his lighting and creative techniques, Plaintiff has worked on local, national, and international advertising campaigns for numerous Fortune 500 companies.

8.      Plaintiff has received many accolades for his striking and artistic work. For example, in September 2011, Plaintiff was named one of the "Top 10 Creatives in the World" by Adweek Magazine.    Plaintiff also was selected as one of the "Top 200 Advertising

DUANE MORRIS LLP
201 South Biscayne Boulevard  ·Suite 3400 · Miami  ·Florida 33131  ·Tel: 305.960.2200

Photographers Worldwide" by Luerzer's Archive, and his work has been featured in the Communication Arts Photography Annual.

9.      Among the notable works Plaintiff has created are the photographic images in the acclaimed series called "Reflections."   The Reflections series consists of a number of photographic images of elderly individuals looking at the reflection of their younger selves in various settings (the "*Copyrighted Works*").   Attached hereto as **Exhibit A** is a screenshot of a digital copy of one of the Copyrighted Works as it appears on Plaintiff's website.

10.      Plaintiff has obtained the following registration with the United States Copyright Office for the Copyright Works (along with other photographic images) VAu 990-319, effective as of June 8, 2009.   Attached hereto as **Exhibit B** is a copy of the registration with the United States Copyright Office of the Copyrighted Works.

11.      Plaintiff is the exclusive owner of all rights, title, and interests, including copyrights, in and to the Copyrighted Works.

**B.**      **Defendant's Unlawful Activities**

12.      Upon information and belief, Defendant owns and operates the website located at the URL https://charlesngo.com (the "*Website*") where he promotes himself as an expert in, and teacher of, "affiliate marketing," and he solicits customers to pay him for his services and related products.

13.      Plaintiff has discovered that Defendant infringed Plaintiff's exclusive copyrights in the Copyrighted Works by reproducing, distributing, and publicly displaying one of the Copyrighted Works on his Website at the following URLs:

- https://charlesngo.com/getting-older/; and

**DUANE MORRIS LLP**
201 South Biscayne Boulevard  ·Suite 3400  · Miami  · Florida 33131  ·Tel: 305.960.2200

- https://307ntl34wci12hk39n1c9pfv-wpengine.netdna-ssl.com/wp-content/uploads/2017/12/274-620x443.jpg

14.     Example screenshots demonstrating Defendant's unauthorized reproductions, distribution and public display of one of the Copyrighted Works are attached hereto as **Exhibit C**.

15.     Plaintiff has not licensed or otherwise authorized Defendant's reproduction, distribution, and public display of any of the Copyrighted Works.  Defendant's reproduction, distribution, public display and other use of one of Plaintiff's Copyrighted Works is without legal or other justification.

16.     On September 1, 2018, Plaintiff, through counsel, sent a demand letter to Defendant by email and U.S. mail ("***Demand Letter***"), identifying Plaintiff's Copyrighted Work and Certificate of Registration, and specifically identifying Defendant's infringing reproductions and display of the Copyrighted Work on his Website.  Plaintiff's letter demanded (among other relief) that Defendant cease all infringement of Plaintiff's Copyrighted Work and contact Plaintiff's counsel to discuss an appropriate license fee to address Defendant's otherwise unauthorized and infringing uses of Plaintiff's Copyrighted Work.

17.     After counsel for Plaintiff followed up on September 26, 2018 to complain that one of the unauthorized reproductions continued to be available for display on the Defendant's Website, Defendant eventually removed both infringing displays from display on his Website. The parties have not reached agreement, however, as to Plaintiff's demand that Defendant agree to cease any and all further use of the Copyrighted Work, or the Plaintiff's demand that Defendant pay compensation for his infringing reproduction, distribution and display of the Copyrighted Work to date.

DUANE MORRIS LLP
201 South Biscayne Boulevard ·Suite 3400 · Miami ·Florida 33131 ·Tel: 305.960.2200

18.     Defendant has refused to respond to Plaintiff's request that Defendant disclose the source of Defendant's infringing reproductions of the Copyrighted Work, when those reproductions were made, and when the infringing displays of the Copyrighted Work were first posted on Defendant's Website.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

19.     Plaintiff realleges paragraphs 1 through 18 above and incorporates them by reference as if fully set forth herein.

20.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff jointly and exclusively owns all rights, title, and interest in and to the copyrights in the Copyrighted Work.

21.     Upon information and belief, as a result of the publication of the Copyrighted Work and Plaintiff's reproduction, distribution, and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of his infringing reproductions and display.

22.     By his actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, *et seq.*, by reproducing, distributing, and publicly displaying the Plaintiff's Copyrighted Work without license or other permission.

23.     Defendant's infringement of Plaintiff's copyrights has been in reckless disregard of Plaintiff's copyrights and constituted a willful and deliberate effort to profit from the unauthorized use of Plaintiff's Copyrighted Work.

24.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00, or such other amount as may be deemed appropriate under 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on his lost profit and a disgorgement of Defendant's profits related to the infringement described above, which amounts will be proven at trial.

25.     Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

26.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenues earned directly or indirectly by Defendant as a result of his reproduction and public display of the Copyrighted Work on the Website;

4.     Awarding Plaintiff his lost license fee and adjustment of all gains, profits, property and advantages obtained or derived by Defendant from his acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, statutory damages as to be determined

by the Court under 17 U.S.C. § 504(c), including damages for willful infringement of up to $150,000.00;

     5.     Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

     6.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

     7.     Permanently enjoining Defendant, his employees, agents, successors, affiliates, assigns, and all those in active concert and participation with Defendant, from: (a) directly, indirectly, or contributorily infringing Plaintiff's exclusive copyrights in the Copyrighted Works; (b) continuing to retain, or creating, selling, disposing of, licensing, leasing, transferring, publicly displaying or reproducing, any works derived from any of the Plaintiff's Copyrighted Works; and (c) participating with or assisting any third party in any activity prohibited by subsections (a) and (b); and

     8.     For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  October 2, 2018          Respectfully Submitted,

                    **DUANE MORRIS LLP**

                    By: /s/ Julian A. Jackson-Fannin
                        Julian A. Jackson-Fannin, Esq.
                        Florida Bar No. 93220
                        201 South Biscayne Boulevard
                        Suite 3400
                        Miami, Florida 33131-4325
                        Telephone: (305) 960-2253

Facsimile:  (305) 402-0544
Email: jjfannin@duanemorris.com
Secondary Email:
yarnavat-parga@duanemorris.com
pnmendoza@duanemorris.com
*Attorneys for Plaintiff Tom Hussey*

DM2\9216572.1