## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-cv-24059

TOM HUSSEY

     Plaintiff,

v.

CHARLES NGO,

     Defendant.

_____/

### DEFENDANT, CHARLES NGO'S, MOTION FOR SUMMARY JUDGMENT AND/OR IN THE ALTERNATIVE MOTION TO DISMISS WITH PREJUDICE DUE TO FRAUD ON THE COURT AND MOTION REQUESTING ENTITLEMENT TO ATTORNEYS' FEES AND COSTS

COMES NOW, Defendant, CHARLES NGO, by and through his undersigned attorneys and pursuant to the authority cited herein, files this, his Motion for Summary Judgment and/or in the alternative, Motion to Dismiss with Prejudice Due to Fraud on the Court and Motion Requesting Entitlement to Attorneys' Fees and Costs, and in support thereof, states:

### I.     INTRODUCTION

1.     Mirror, mirror, what do I see, an outright fraud on the court is the only "Reflection" to see. The judicial system has been misused and abused by this Plaintiff, and a non-party company, Image Rights, which collects a percentage of monies paid in copyright cases filed and/or demanded in pre-suit by Tom Hussey.

2.     After filing at least eighty lawsuits, and shaking people down for money when there was no such entitlement, Mr. Hussey and ImageRights International, Inc. opened a campaign against Charles Ngo seeking thousands of dollars on a claim of infringement that mirrored other

lawsuits in different United States Courts.  Aside from settlements for the alleged infringement of Exhibit "A", Plaintiff has filed a total of four (4) lawsuits, including this one, claiming that the Image attached to the Complaint as Exhibit "A" is a registered work under the Copyright Registration attached as Exhibit "B." Plaintiff even described the work in a similar manner, while attaching as exhibits, the same image and certificate to those complaints. At least two out of the four lawsuits resulted in settlements, yet, Plaintiff's image is not subject to protection under the copyright registration as alleged by Plaintiff in each lawsuit for the image at issue.

3.      Early during Plaintiff's deposition, Plaintiff testified that the image was registered under the certificate of registration attached as Exhibit "B" to the Complaint.   Plaintiff testified, unequivocally, that the image was created in the early to mid-2000s.   Plaintiff did not recall the exact date of creation of the image, and did not recall if he registered any works prior to 2009. Importantly, the "Reflections" series involved the taking, at times, of over a hundred photographs of individuals portrayed in the images deposited with the Copyright Office in connection with the application for the work registered as N-46, Registration No. VAu 990-319.

4.      The false statements of the Plaintiff became rather clear when Plaintiff reviewed over two thousand photographs consisting of the entire deposit made by Plaintiff in connection with the application resulting in the registration of certificate of copyright attached as Exhibit "B" to the Complaint, i.e., Registration No. VAu 990-319.   The truth revealed that not a single photograph of the older male and younger male depicted in the image in Exhibit "A," nor Exhibit "A" itself, were part of the deposit with the Copyright Office. Certainly, other photographs and images were in the deposit for the photoshoot conducted by Plaintiff in 2009, but not the image or photos related to the image that is at issue in this action.

5.     While the costs of this case and a 40% interest in any recovery is on the hands of Image Rights, the non-party, the Court cannot allow Plaintiff to continue on this charade. Incredibly, even after it was established that neither Plaintiff's image nor any photographs that would have resulted in the creation of said image were part of the deposit with the Copyright Office, Plaintiff elected to move forward with taking a seven (7) hour deposition of Mr. Ngo. Shockingly, while registration is an element of a valid claim of copyright, i.e., a valid registration, Plaintiff wasted Mr. Ngo's time and money, by forcing a deposition to take place in a case that is simply impossible on its face.

6.     Defendant hereby seeks the entry of a Summary Judgment in his favor finding that Plaintiff failed to make a valid claim for Copyright Infringement, and/or dismissal with prejudice due to the fraud on the court perpetrated by Plaintiff.  Defendant also seeks an order of entitlement to attorneys' fees and costs, consistent with the Copyright Act, in connection with defending the frivolous claims filed by Plaintiff.

## II.     <u>PROCEDURAL HISTORY</u>

7.     This case involves claims of copyright infringement brought by Tom Hussey (hereinafter "Plaintiff") against Charles Ngo (hereinafter "Defendant").  The claims are specific to an image attached as Exhibit "A" to the Complaint, and claimed to be registered with the Copyright Office under Registration No. VAu 990-319.   The certificate is attached to the Complaint as Exhibit "B."

8.     On October 2, 2018, Plaintiff filed the Complaint [DE 1] against Defendant. An answer and affirmative defenses was filed on November 16, 2018 [DE 8]. On February 19, 2019, a discovery hearing was held concerning this matter, and depositions were then scheduled for March 12, 2019 and March 13, 2019.

9.      On March 12, 2019, Defendant deposed Plaintiff. An excerpt of Plaintiff's deposition is attached as **Exhibit "1."**      Moreover, certificates of authenticity from the Copyright Office introduced as Exhibit "16" to Plaintiff's deposition are also attached to this Motion as **Exhibit "2."**

### III.      STATEMENT OF FACTS

10.      Plaintiff is a photographer that owns and operates Tom Hussey Photography, LLC. [DE 1 ¶ 2]. The complaint claims to be for a civil action seeking damages and injunctive relief for Copyright Infringement under the copyright laws of the United States. [DE 1 ¶4]. According to Plaintiff, he created photographic images in a series called "Reflections." [DE 1 ¶9].

11.      The Reflections series, according to Plaintiff, consists of a number of photographic images of "elderly individuals looking at the reflection of their younger selves in various settings ("the Copyrighted Works."). Id. Plaintiff attached to the Complaint Exhibit "A", which is claimed to be a screenshot of a digital copy of one of the Copyrighted Works. Id.   Moreover, Plaintiff alleges: "Plaintiff has obtained the following registration with the United States Copyright Office for the Copyright Works (along with other photographic images) VAu 990-319, effective as of June 8, 2009." Id. ¶10; Ex. 1, 09:06-10:10; 92:12-14. Plaintiff attaches a certificate as Exhibit "B" to the Complaint, identifying same as the copy of the Registration for the "Copyrighted Works."

### A.  Plaintiff's Testimony in his deposition held on March 12, 2019

12.      Plaintiff recognized Exhibit "A" attached to the complaint as an image he claimed he created. Ex. 1, 3:24-4:14.

13.      Plaintiff claimed the image was created from early to mid 2000's, but did not recall exactly when it was created, but recall this was the first image he created of a senior looking at a younger self in the mirror.   Ex. 1, 4:15-19, 25; 5: 1-3.

14.     In creating the image attached to the Complaint [DE 1] as Exhibit "A", Plaintiff takes a series of photographs. Ex. 1, 07:07-18.  Though Plaintiff was unable to recall the amount of photos he would typically take in a serious of photographs, Plaintiff testified he would probably take more than 10 photos, possibly 20 photos of the older person in the image and probably 10 photos of the younger person to create the image attached to the Complaint [DE 1] as Exhibit "A." Ex. 1, 07:19-08:15; 08:17-09:05.

15.     Plaintiff explained that to attain a copyright registration over a work, Plaintiff uploads JPEG representations of the images being filed.  Ex.1, 13:09-17.  Specifically, in regards to the registration at issue, VAu 990-319, Plaintiff testified he registered the image attached to the Complaint [DE 1] as Exhibit "A" with other photos that were considered part of the Reflections Series by uploading the JPEG files to the United States Copyright Office, including JPEG files that were images that were separate and apart from the final image. Ex. 1, 13:18-14:12; 15:04-08. Plaintiff expounded that within the photos that were uploaded to the United States Copyright Office, photographs of younger persons looking at themselves in the mirror, older persons looking at themselves in the mirror and an image of the older person looking at the reflection of a younger person in the mirror. Ex. 1, 15:14-16:18.

16.     Plaintiff acknowledged that Exhibit "16" to Plaintiff's Deposition, enclosed as **Exhibit 2** to this Motion, consisted of the Certificate of Registration which was attached to Exhibit "B" to the Complaint [DE 1].  Ex. 1, 40:5-41:09.  Plaintiff further recognized and acknowledged Exhibit "16" to Plaintiff's Deposition consisted of a Certification from the United States Copyright Office certifying that the flash drive enclosed is a true representation of the work entitled N-46 deposited in the Copyright Office with claim of copyright registered under number VAu 990-319. Ex. 1, 41:11-42:04.

17.     Within Exhibit "16" to Plaintiff's Deposition, Plaintiff acknowledged the certification providing that the attached application report is a true representation of the information submitted to the Copyright Office in association with the electronic application for registration of material identified as N-46 service request number SR1-202193721. Ex. 1, 42:08-43:01.  Further, Plaintiff admitted such document was the application for copyright registration of his work N-46, wherein the completion date of N-46 was 2009, Plaintiff was listed as the author and claimant, and rights and permissions were provided to Tom Hussey Photography, LLC.  Ex. 1, 43:02-15.  Moreover, Plaintiff identified that the certification contained his name, Tom Hussey, a date of June 8, 2009 and such certificate contained a mail certificate bearing his name along with his company's name, Tom Hussey Photography, LLC, along with Plaintiff's address. Ex. 1, 43:16-23.

18.     Exhibit "16" to Plaintiff's March 12, 2019 deposition further was comprised of materials that appear in the correspondence files of the Copyright Office for the work entitled N-46. Ex. 1, 44:07-13.   Plaintiff recognized and acknowledged that the certified photocopies of correspondence included an e-mail sent to Plaintiff on July 7, 2009 and that Plaintiff called the Copyright Office on July 10, 2009.  Ex. 1, 44:14-18.  Plaintiff further admitted Exhibit "16" consisted of an e-mail created on July 7, 2009 that provided "[r]egistration has been delayed because have a LLC as a d/b/a.  For copyright purposes a LLC is considered a corporation, which is a separate legal entity from the individual author/claimant….The gist is that you cannot use a corporate entity as a d/b/a." Ex. 1, 45:12-46:02.  Yet, despite being provided this explanation from the United States Copyright Office, Plaintiff later filed a lawsuit in the Southern District of New York under Plaintiff's name d/b/a Tom Hussey Photography, LLC for copyright infringement.  Ex. 1, 46:03-08.

19.     On March 12, 2019 during his deposition, Plaintiff examined all images provided and certified to be a true representation of the work entitled N-46 deposited in the Copyright Office with claim of copyright registered under number VAu 990-319. Ex. 1, 46:10 - 84:11. Specifically, Plaintiff examined Exhibit "17" through, and including, Exhibit "43" comprising of all images contained within the materials deposited in the Copyright Office with a claim of copyright registration of VAu 990-319.  Id. The only final images afforded copyright protection under registration number VAu 990-319 depicting final "Reflection Series" images wherein an elderly person was looking at a reflection of their younger self in a mirror is contained within Exhibit "17" to Plaintiff's deposition[1].  Enclosed herein as **Exhibit 3** is Exhibit "17" to Plaintiff's Deposition. Notably, Exhibit "A" to the Complaint is not contained within Exhibit "17" to Plaintiff's Deposition (Exhibit 3 to this Motion).

20.     After reviewing Exhibit "17" through "43", Plaintiff concluded that Plaintiff created the images contained therein.  Id.  Significantly, Plaintiff admitted that the images contained within Exhibit "17" through "43" did not include *any* images of the older male and younger male depicted within Exhibit "A" of the Complaint. Ex. 1, 82:23-83:06.  In fact, Plaintiff admitted that Exhibit "A" of the Complaint was not contained within Exhibit "16" through Exhibit "43".  Ex. 1, 83:07-09.

21.     Despite the registration VAu 990-319 not providing a copyright for the image at issue in this litigation (Exhibit "A" to the Complaint [DE 1]), Plaintiff testified that on at least three (3) separate occasions, in three (3) different districts, Plaintiff sued for copyright infringement alleging the same registration at issue herein, VAu 990-319 created a copyright over

---

[1] The materials deposited to the United States Copyright Office in conjunction with registration VAu 990-319 contain over 2,000 photographs depicting the persons who are the subjects of Exhibit "17" of Plaintiff's Deposition (Exhibit 3 to this Motion).

the image attached to the Complaint [DE 1] as Exhibit "A." Ex. 1, 18:08-25:03.  Moreover, Plaintiff testified he has filed at least eighty (80) lawsuits in total.  Ex. 1, 102:24-103:05.

22.    Plaintiff testified that Exhibit "7" to his deposition, represented a complaint filed on July 9, 2018 on his behalf, by the _same_ law firm representing Plaintiff in this instant matter, against Alan Jeskey Builders, Inc. for copyright infringement of the _same_ image attached to the Complaint [DE 1] as Exhibit "A" and utilizing the _same_ registration VAu 990-319 to assert a valid copyright exists over the image. Ex. 1, 18:04-23:05.  This lawsuit was filed with Plaintiff's explicit authorization. Ex. 1, 19:07-09.

23.    In fact, Plaintiff settled his litigation against Alan Jeskey Builders, Inc. for copyright infringement on September 28, 2018 for $25,000.00 notwithstanding the fact that registration VAu 990-319 does not cover the image at issue in this litigation and Plaintiff's litigation against Alan Jeskey Builders, Inc.  Ex. 1, 24:09-11; 24:17-25:03.

24.    Further, Plaintiff acknowledged and testified he authorized and filed a lawsuit against CollegeVox, LLC d/b/a GainesvilleScene and OrlandoScene ("CollegeVox") in the United States District Court for the Northern District of Florida for copyright infringement. Ex 1, 28:12-21.

25.    Plaintiff explicitly admitted that the lawsuit against CollegeVox for copyright infringement alleges infringement of the _same_ copyright registration, VAu 990-319, for the unauthorized use of the _same_ image at issue in this litigation. Ex. 1, 30:10-31:14.

26.    Plaintiff settled his litigation against CollegeVox for copyright infringement for $5,000.00 despite the fact that registration VAu 990-319 does not cover the image at issue in this litigation and Plaintiff's litigation against CollegeVox.  Ex. 1, 32:10-22.

27.     Plaintiff further recognized and acknowledged that a copyright infringement case was filed on his behalf d/b/a Tom Hussey Photography, LLC in the southern District of New York against defendant Sensitive Touch, Inc. Ex. 1, 34:05-20.

28.     The lawsuit filed against Sensitive Touch, Inc. for copyright infringement relied upon registration VAu 990-319 to assert a valid copyright over the same image at issue in this litigation attached as Exhibit "A" to the Complaint [DE 1]. 34:21-35:09.  Plaintiff further testified that he does not know whether or not this case settled.  Ex. 1, 35:10-12..

29.     ImageRights International, Inc. ("ImageRights") is a subscription service wherein Plaintiff pays a fee so that ImageRights can look and find usage of Plaintiff's work.  Ex. 1, 36:20-24.

30.     In this particular litigation, ImageRights International, Inc. funds the cost of litigation to receive 40 % of any recovery obtained by Plaintiff and Plaintiff would retain 60% of the recovery obtained. Ex. 1, 39:01-24.

## IV.     MEMORANDUM OF LAW AND ANALYSIS

### A.  Motion for Summary Judgment

31.     Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Flo & Eddie, Inc. v. Sirius XM Radio, Inc., No. 15-13100, 2016 U.S. App. LEXIS 11860, at *5 (11th Cir. June 29, 2016).  Summary Judgment under Fed. R. Civ. P. 56(c) may be entered when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Further, "[w]here the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party, there is no 'genuine issue for trial." Id.  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

32.     There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. at 323. "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

33.     When ruling on a Motion for Summary Judgment, the court "must avoid weighing conflicting evidence or making credibility determinations." Hilburn v. Murata Elecs. N. Am. Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).  Notwithstanding that limitation, if the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 249-50 (1986). Disputes are only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

34.     Once the movant meets its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co., 475 U.S. at 586. As ruled by this District, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Pronman v. Styles, No. 12-80674-CIV-MARRA, 2015

U.S. Dist. LEXIS 373, at *13-14 (S.D. Fla. Jan. 5, 2015) citing Fed. R. Civ. P. 56(c)(1)(A) and (B).

### A.  Relevant Copyright Law

35.      In order to state a claim for copyright infringement under the Copyright Act, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, (1991).

36.      Unequivocally, the Copyright Act makes registration a precondition to filing a **valid** copyright infringement claim.  Id. citing 17 U.S.C. § 411. Airframe Sys., Inc. v. L-3 Communications Corp., 658 F.3d 100, 105 (1st Cir. 2011).  "Proof of registration of the allegedly infringed work remains an 'element[] of a cause of action' for copyright infringement." Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237, 1243-44 (2010).  The United States Supreme Court recently explained in Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC,  2019 WL 1005829, at *3 (U.S. Mar. 4, 2019) that while an owner of a work in a copyright matter may have rights apart from registration, referencing 17 U.S.C. §408(a), a copyright claimant **_must_** comply with the registration requirement provided under 17 U.S.C. § 411(a) _prior_ to filing a lawsuit for copyright infringement.   The registration approach reflects the only satisfactory reading of 17 U.S.C. § 411(a).  The Court explained that under 17 U.S.C. § 411(a), once registration is made by the Copyright office, a copyright owner may then sue for infringement. Id. citing 17 U.S.C. § 411(a).

37.      Explicitly, the court stated that "[u]nder § 411(a), registration ... has been made,' and a copyright owner may sue for infringement, when the Copyright Office registers a copyright. Section 411(a)'s first sentence provides that no civil infringement action 'shall be instituted until

preregistration or registration of the copyright claim has been made.' The section's next sentence sets out an exception to this rule: When the required 'deposit, application, and fee ... have been delivered to the Copyright Office in proper form and registration has been refused,' the claimant '[may] institute a civil action, if notice thereof ... is served on the Register' read together, § 411(a)'s opening sentences focus not on the claimant's act of applying for registration, but on action by the Copyright Office—namely, its registration or refusal to register a copyright claim." Id. at *3-4.

38.    Explaining the registration requirement, the Supreme Court instructed that other provisions of the Copyright Act support reading of "registration" as used in 17 U.S.C. § 411(a), and discussed 17 U.S.C. § 410, stating that once "**after examination," the Register determines that "the <u>material deposited</u> constitutes copyrightable subject matter**" and other "legal and formal requirements [are] met, the Register shall register the claim and issue to the applicant a certificate of registration," Id. at *4 (Emphasis Provided).The Supreme Court could not make it more clear that Congress maintained and intended registration of a copyright to be a prerequisite to suit.  Id. at *6.

39.    In this circumstance, while Plaintiff offered a certificate of registration in [DE 1-2, P. 2 of 2], with registration number VAu 990-319.  Plaintiff alleged in [DE 1 ¶10] on the Complaint that "Plaintiff has obtained the following registration with the United States Copyright Office for the Copyright Works (along with other photographic images) VAu 990-319, effective as of June 8, 2009. Copyrighted works, as defined by Plaintiff involved "[t]he Reflection series [which] consists of a number of photographic images of elderly individuals looking at the reflection of their younger selves in various settings…" [DE 1 ¶9].  Plaintiff attaches Exhibit "A" to the complaint and identifies it as a screenshot of a digital copy of one of the Copyrighted Works. Id.

In other lawsuits, Plaintiff has made similar allegations concerning the same image and the same copyright registration number.

40.     Here, the image at issue was never part of the materials deposited with the copyright office in connection with Registration No. VAu 990-319, and thus, did not form part of the registration required in for Plaintiff to allege a valid copyright infringement claim.   In essence, Plaintiff cannot maintain a cause of action for copyright infringement, as Plaintiff did not register the image as it was fraudulently alleged in this complaint and the multiple lawsuits Plaintiff filed in connection with the same image and same registration number.

41.     Defendant denied the allegations in paragraphs 9 and 10 of the Complaint, stating that Defendant was without knowledge concerning said allegations, and stated that Exhibit "B" fails to describe the specific work that is purported to be registered. [DE 8 ¶¶ 9, 10].   Moreover, Defendant claimed, in its Sixth Affirmative Defense that Plaintiff failed to plead a cause of action for damages and injunction is not entitled to relief as a matter of law. *See* [DE 8, P. 5 of 7].

42.     Here, unequivocally, without *ever* submitting the image at issue in this action to the Register of Copyrights in connection with Registration Number VAu 990-319, Plaintiff never effectively registered the image at issue as part of the work, or any part of the image as alleged in paragraphs 9 and 10 of the Complaint.   In fact, Plaintiff testified that out of the thousands of photographs reviewed in his deposition as Exhibits 17 through 43, not a single photograph contained the image of either person that appears on the image attached as Exhibit "A" of the Complaint.

43.     Plaintiff has made Defendant, and other defendants involved in his catalog of lawsuits, expend unnecessary funds in litigation and pay settlements when the image at issue was **not** registered and/or was never submitted to the Register of Copyrights in connection with VAu

990-319.  While Plaintiff certainly has other images registered under VAu 990-319, neither the image at issue in this litigation, nor the photos of either of the individuals in said image, are contained in the materials deposited with the Copyright Register for registration along with the Reflection series N-46 reflected in Exhibit "B."

44.     Here, there are not issues of material fact that need to be decided.  The image is <u>not</u> part of the deposit and the registration alleged by the Plaintiff in this lawsuit and other lawsuits, does not cover the image that is at issue.  Thus, consistent with <u>Reed Elsevier, Inc. v. Muchnick</u>, 559 U.S. 154, 164–66 (2010), registration of the image is an element of the copyright infringement claim, not a jurisdictional requirement.  Due to Plaintiff's absolute failure to register the image as alleged in the Complaint, as a matter of law, that Plaintiff cannot maintain a cause of action for copyright infringement.  <u>See</u> also <u>Fastcase, Inc. v. Lawriter</u>, LLC, 907 F.3d 1335, 1342 (11th Cir. 2018).

**B.  Request for Dismissal with Prejudice Due to Fraud On the Court**

45.     Federal courts have an inherent power to sanction any attorney, law firm or party. <u>Stonecreek - AAA, LLC v. Wells Fargo Bank N.A</u>, 2014 WL 12514900, at *1–3 (S.D. Fla. May 13, 2014) citing <u>Chambers v. NASCO, Inc</u>., 501 U.S. 32, 41 (1991).  " '[A]cts which degrade the judicial system,' including 'attempts to deprive the Court of jurisdiction, fraud, misleading and lying to the Court,'  'however, are sanctioned through the court's inherent power.'" <u>Id</u>. quoting <u>Chambers</u>, 501 U.S. at 42 ("The wielding of that inherent power is particularly appropriate when the offending parties have practiced a fraud upon the court.").

46.     "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly

influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Id quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989); and referring to Gupta v. Walt Disney World Co., 482 Fed. Appx. 458, 459 (11th Cir. 2012) ("Clear and convincing evidence of egregious conduct required to establish fraud on the court."). While "dismissal of a lawsuit is an extreme remedy, that should not be imposed lightly, it need not be preceded by less drastic sanctions."

47.     In Stonecreek - AAA, LLC , 2014 WL 12514900, at *1–3 (S.D. Fla. May 13, 2014), the fraud upon the court came about from the classic example of fabrication of evidence.  Id. citing Gupta v. Walt Disney World Co., 482 Fed.Appx. 458, 459 (11th Cir. 2012) (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)) ("[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party ... will constitute a fraud on the court.").  Similar to Stonecreek - AAA, LLC where the Plaintiff fabricated evidence concerning certain forged documents, Plaintiff unequivocally has been using the judicial system to claim that the image attached as Exhibit "A" satisfies the registration requirement by also attaching Exhibit "B", a certificate of registration of copyright.

48.     There is no basis in fact to claim that such image is part of registration VAu 990-319, as neither that image nor any person depicted in it is contained in the deposit provided to copyright office in connection the registration evidenced as Exhibit "B."  The record has clear and convincing evidence that this lawsuit, pleads the same relief against Mr. Ngo as the other lawsuits filed against other defendants concerning the same image and the same registration.  This is not about protecting an artist, or his rights.  Rather, this is a case which represents the abuse by a commercial entity that uses the Plaintiff to force others into spending a substantial amount of money to either defend or pay a settlement.

49.     The financing of this case by ImageRights International, Inc. and the history of abusive litigation by Plaintiff demonstrates that this cannot be excused as a mistake given the fact that Plaintiff sued numerous times, hired a professional company and lawyers to file the *same* type of cases, over the *same* image and the *same* registration.  Plaintiff was caught in his fabrication of evidence and the appropriate remedy and sanction in this case requires a dismissal with prejudice.  *See* Council v. Amer. Federation of Government Employees (AFGE) Union, No. 13-12502, 2014 WL 1015945, at *2 (11th Cir. 2014) ("Fraud on the court constitutes 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.' ").

**C.   Request for Order Allowing Defendant to File a Motion Attorneys' Fees and Costs**

50.     Notably, Plaintiff, for too long and in too many lawsuits and claims, has alleged that the image included in Exhibit "A" of the Complaint [DE 1] is registered as evidenced in Exhibit "B" of the Complaint.  Plaintiff has falsely claimed registration of the subject image as part of the work registered and reflected in Exhibit "B."  This *modus operandi* has resulted in substantial fees and costs incurred by Defendant, Mr. Ngo while defending all aspects of Plaintiff's claims in a straight up shake down.

51.     This case is as frivolous as they come.  Defendant seeks entitlement to recovery of all attorneys' fees and costs incurred in defending the claims raised by Plaintiff, consistent with 17 U.S.C. § 505.  Specifically, the Copyright Act allows for the recovery of "full costs" and "a reasonable attorney's fee to the prevailing party as part of the costs." Id.  Where a defendant prevails in a copyright case, the presumption in favor of awarding fees to the defendant is very

strong. <u>Katz v. Chevaldina</u>, 127 F. Supp. 3d 1285, 1296-97 (S.D. Fla. 2015) citing <u>Lil' Joe Wein Music, Inc. v. Jackson,</u> 2008 U.S. Dist. LEXIS 112730, at *4 (S.D. Fla. July 1, 2008).

52.    In copyright cases, although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be rewarded routinely." <u>E Beats Music v. Andrews</u>, 433 F. Supp. 2d 1322, 1327 (M.D. Ga. 2006) (quoting <u>Arista Records, Inc. v. Beker Enters., Inc</u>., 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003).  Thus, Defendant requests that this Court grant Defendant entitlement to attorneys' fees and costs, and authorize the filing of a detailed motion concerning the attorneys' fees and costs expended by Charles Ngo in this action and in the defense of the claims brought by Plaintiff.

WHEREFORE, Defendant, Charles Ngo, respectfully requests the entry of Summary Judgment against Plaintiff, Tom Hussey, as it relates to the failure to state a claim for relief by failing to demonstrate that the Image was registered and was Registered as required by law, and/or in the alternative, a dismissal with prejudice due to fraud on the court and entitlement to file a Motion to Seek an order authorizing entitlement to attorneys' fees and costs as permitted by 17 U.S.C. § 505, and taxable costs, for all other relief this court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on March 14, 2019 a true and correct copy of the foregoing document was filed in CM/ECF and service included counsel listed in the Service List below.

**Pike & Lustig, LLP**

*/s/  Daniel Lustig*
Daniel Lustig
Florida Bar No.: 059225
Michael J. Pike
Florida Bar No.: 617296
Dominique Torsiello

Florida Bar No,: 0125143
1209 N. Olive Avenue
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile: (561) 855-7710
pleadings@pikelustig.com

### SERVICE LIST

DUANE MORRIS, LLP

Julian A. Jackson-Fannin, Esq.
201 South Biscayne Blvd
Suite 3400
Miami, Florida 33131
jjfanning@duanemorris.com
Secondary Email:
yarnavat-parga@duanemorris.com
pnmendoza@duanemorris.com

*Attorneys for Plaintiff Tom Hussey*